# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HILDA L. SOLIS, Secretary of Labor, § <br> United States Department of Labor, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> MARK A. ARCIERO, § <br> Individually, and the QUARTZ MOUNTAIN § <br> AEROSPACE, INC. WELFARE PLAN, § <br> § <br> Defendants. § | Case No. CIV-10-1197-D |

## CONSENT JUDGMENT & ORDER

This action was brought by Plaintiff, Hilda L. Solis, Secretary of Labor, United States Department of Labor, against Defendant MARK A. ACIERO, individually, and the QUARTZ MOUNTAIN AEROSPACE, INC. WELFARE PLAN, pursuant to Sections 502(a)(2) and 502(a)(5), 29 U.S.C. §§ 1132(a)(2) and 1132(a)(5), of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq., hereinafter referred to as ERISA. Defendant, Mark A. Arciero individually, having appeared, admits to the jurisdiction of the Court over him and over the subject matter of this action and has agreed to the entry of judgment without contest.

It is therefore, upon joint motion and for good cause shown,

**ORDERED ADJUDGED AND DECREED** that:

1. Defendant Mark A. Arciero ("Arciero") is and at all relevant times has been a fiduciary with respect to the Plan at within the meaning of ERISA Section 3(21)(A), 29 U.S.C. Section 1002(21)(A), in that he had or exercised discretionary authority and responsibility with respect to Plan administration and management and exercised actual control over Plan assets.

2. Quartz Mountain Aerospace, Inc. Welfare Plan ("Plan") is, and at all times hereafter mentioned was, an employee benefit plan within the meaning of ERISA Section 3(3), 29 U.S.C. § 1002(3). The Plan was established by, and at all times hereinafter mentioned, was maintained by Quartz Mountain Aerospace, Inc. ("QMA"), an employer engaged in commerce or in an industry or activity affecting commerce and is subject to Title I including Title I, Part 4 of ERISA pursuant to ERISA Sections 4(a)(1) and 401(a), 29 U.S.C. §§ 1003(a)(1) and 1101(a).

3. From August 8, 2008 through November 14, 2008, Defendant Arciero, a fiduciary with respect to the Plan, failed to ensure that all employee premium payments and Plan assets were remitted to the Plan; failed to segregate and hold Plan assets for the purpose of providing promised welfare benefits; transferred Plan assets to QMA, a party in interest; and failed to properly manage and administer the Plan.

4. As a result of these actions, Defendant Arciero has violated certain provisions of ERISA, as described in Part V of the Complaint, and has caused the Plan to suffer losses in the amount of $39,638.65 for which he is liable pursuant to ERISA Section 409(a), 29 U.S.C. § 1109(a).

5. To redress the fiduciary breaches that occasioned the aforementioned Plan losses, it is further ORDERED, ADJUDGED, AND DECREED that:

A. Defendant Arciero, his agents, servants, employees and all persons in active concert or participation with him be and hereby are permanently enjoined and restrained from violating the Title I of ERISA;

B. Defendant Arciero shall be permanently enjoined and restrained from acting as a fiduciary, trustee, agent or representative in any capacity to any employee benefit plan, as defined by ERISA, unless he obtains no later than January 31, 2012, at least twelve (12) hours of

education and training in the duties and responsibilities of fiduciaries and trustees to ERISA-covered plans;

        (1)        Defendant Arciero may pursue such education and training through self-study or formal instruction. The education and training materials shall be prepared or provided or approved by a nationally recognized authority or organization involved in fiduciary training such as, but not limited to, the International Foundation of Employee Benefit Plans or the Canon Financial Institute; and

        (2)        Defendant Arciero further shall provide written evidence of his completion of such education and training to the Employee Benefits and Security Administration, United States Department of Labor, Attention: Adil Iqbal, 525 S. Griffin Street, Suite 900, Dallas, Texas, 75202, within thirty (30) days of completing such training.

6.        While the Plaintiff declines to bring a collection action against Defendant Arciero seeking the identified **$39,638.65**, the Plaintiff reserves the right to bring such a collection action at anytime until January 31, 2021. Prior to initiating any such collection action, the Plaintiff shall send Defendant Arciero a written demand letter. Within ten business days of the mailing of the demand letter, Defendant Arciero shall provide the Plaintiff with financial information and documents including, but not limited to, an asset affidavit, tax returns (for the three most recent years), bank statements, investment statements, and other similar financial statements relevant to Defendant's ability to restore the Plan's losses.

7.        This Consent Judgment resolves all claims of Plaintiff's Complaint with respect to Defendant Mark A. Arciero with the following exceptions:

        A.        This Judgment does not affect or bind any governmental agency other than the United States Department of Labor;

B. This Judgment does not adjudicate or otherwise affect any potential civil money penalties that may be assessed under Section 502(l) of the Act in the event restitution is made; and

C. This Court retains jurisdiction for purposes of enforcing compliance with the terms of this Consent Judgment and Order.

8. Each party shall bear its own cost and expenses, including attorneys' fees, arising in connection with any stage of the above-referenced proceeding including but not limited to, attorney's fees which may be available under the Equal Access to Justice Act, as amended.

9. No Plan assets will be used to pay the attorneys fees, costs, and other litigation expenses incurred by any of the Defendants in this action.

DATED THIS 15TH DAY OF FEBRUARY, 2011.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

The parties approve the Consent Judgment and Order as to form and substance:

**For Defendant:**　　　　　　　　　　　　　　**For Plaintiff:**

　　　　　　　　　　　　　　　　　　　　　　　M. PATRICIA SMITH
　　　　　　　　　　　　　　　　　　　　　　　Solicitor of Labor

　　　　　　　　　　　　　　　　　　　　　　　JAMES E. CULP
　　　　　　　　　　　　　　　　　　　　　　　Regional Solicitor

　　　　　　　　　　　　　　　　　　　　　　　ROBERT A. GOLDBERG
　　　　　　　　　　　　　　　　　　　　　　　Counsel for ERISA

| | |
|---|---|
| By: | By: |
| /s/ Mark A. Arciero | /s/ Colleen B. Nabhan |
| MARK A. ARCIERO | COLLEEN B. NABHAN |
| Individually | TX Bar No. 14769500 |
| | Attorney |
| Addresses: | |
| c/o Trisha Dodge, Esq. | United States Department of Labor |
| Dodge Legal Group | Office of the Solicitor |
| 3710 Rawlins, Suite 1600 | 525 S. Griffin Street, Suite 501 |
| Dallas, Texas | Dallas, Texas 75202 |
| Telephone: 888.314.5141 | Telephone: 972.850.3138 |
| Fax: 888.314.5171 | Fax: 972.850.3101 |
| Attorney for Mark A. Arciero | |
| Mark A. Arciero | |
| 1721 East Beltline Road | Attorneys for Plaintiff |
| Apt. N 1902 | |
| Coppell, Texas 75019 | |
| Signed this 21st day of January, 2011 | Signed this 31st day of January, 2011 |